## Case No. 532.

### ARKELL et al. v. J. M. HURD PAPER-BAG CO.

[7 Blatchf. 475.][1]

Circuit Court, N. D. New York. June, 1870.

PATENTS FOR INVENTIONS—PATENTABILITY—INFRINGEMENT—PAPER BAGS.

1. The claim of letters patent granted to James Arkell and Benjamin Smith, June 6th, 1865, for an "improvement in paper-bags," namely: "Softening the upper parts of paper-bags and making them pliable, substantially as and for the purpose above described," is a claim to a paper-bag having its upper end softened and made flexible, while its lower portion is strong and stiff with the sizing of the paper.

2. A paper-bag which has its extreme upper end unsoftened, but has a strip or band around it, at a short distance from its top, crimped or softened and thus made pliable, is an infringement of such patent.

[In equity. Bill for injunction by James Arkell and Benjamin Smith against the J. M. Hurd Paper-Bag Company,] founded on letters patent granted to the plaintiffs, June 6th, 1865, [No. 48,036,] for an "improvement in paper-bags." The specification said: "This invention consists in making or preparing paper-bags in such a way as to give them, at their upper ends, a flexible character, so that, when properly filled with flour or other substances, the sides of the bags, at their upper ends, will come together after the manner of the sides of a cloth-bag. * * * We prepare paper-bags of every size and quality and strength of paper in such a way as that their top parts can be gathered and brought together in easy lines, and with uniformity, towards a common centre, much after the manner of gathering the top of a bag made of cloth. We accomplish this result by making the upper part of the bag flexible or soft, but without lessening the strength and toughness of the material. The drawing shows side views of two bags which have had this character of flexibility and softness imparted to their top parts by mechanical means. In these illustrations of our invention we have produced this result by subjecting those parts

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

to a crushing or brushing action between corrugated surfaces, the depth of the corrugations, or the degree of pressure, being greatest at the highest part or edge of the bags, and decreasing gradually from such edges downwards, so that the line of termination of the corrugations, or of the limits of pressure, will be as near as possible insensible or imperceptible. If the softening process is effected in any other manner, as, for instance, by chemical action, the same result is to be produced, that is to say, the soft or flexible character of the top of the bag is to be least along the lowest lines, and is to be increased thence upwards, to the edges or top of the bag, where it is to be greatest." The claim was this: "Softening the upper parts of paper-bags and making them pliable, substantially as and for the purpose above described." The defendants had made and sold paper-bags having near their top a strip or band around them, crimped or softened by passing the bag, at a distance of two or three inches from its top, through a machine with two sets of fluted rolls. This operation crimped or softened a strip or band around the bag, equal in width to the length of the flutes on the rolls, and left the top unsoftened. These bags were constructed in accordance with letters patent granted to John M. Hurd, November 12th, 1867, for an "improved paper flour-sack." The specification of that patent stated, that the invention of the patentee consisted in crimping a band around below the top of the sack, and leaving the top of the sack unsoftened or uncrimped, for the purpose of preventing the string used in holding the mouth of the sack closed, from slipping off over the top, and allowing the mouth of the sack to open and the flour to escape.

Charles M. Keller, for plaintiffs.
David Wright, for defendants.

WOODRUFF, Circuit Judge. 1. The invention of the plaintiffs is a paper-bag, having its upper end softened and made flexible, while the lower portion is strong and stiff with the sizing of the paper. Although the language of the specification is not very well chosen, this is the substance of their description. The patent itself is for a "new and useful improvement in paper-bags." It is this that the patent is issued for and which it is intended to secure. It is this that the specification is intended to describe. Softening and making flexible the upper portion of the bag produces the improved bag; and that is the proper subject of the patent. It is not softening and making flexible, as a result of some or any means which can be suggested, that is the subject of the patent; but it is the improved bag, or the improvement in the bag, as a result, which the patent is intended to protect. The improved bag is the result. The softening and making flexible at the top are the means by which

the improvement is effected. It is this which distinguishes the present case from the principle sought to be invoked from O'Reilly v. Morse, 15 How. [56 U. S.] 62; Corning v. Burden, Id. 252; Le Roy v. Tatham, 14 How. [55 U. S.] 156; Burr v. Cowperthwait, [Case No. 2,188;] and other cases cited by the defendants from Law's Digest, p. 483, &c.

The machine, manufacture, or product in this case, is an improved bag for packing flour and other substances. The means by which such improved bag is produced is the softening and making flexible the upper part thereof. When produced, it is better adapted to use. The patent gives the plaintiffs no exclusive right to any process of softening or making flexible sized paper, as a result, nor do the plaintiffs profess to have any exclusive right in, or to have invented any new device for, doing this, as a result. It is the paper-bag, constructed in its improved state, by softening and making flexible the upper part thereof, which is new, useful, and within the protection of the patent. In this view, the specification declares the invention to consist "in making or preparing paper-bags in such a way as to give them, at their upper ends, a flexible character, so that, when properly filled with flour or other substances, the sides of the bags, at their upper ends, will come together after the manner of the sides of a cloth-bag." The plaintiffs do not claim to have invented paper-bags for the uses referred to, nor any mode of preparing the paper, nor of giving them the form of a bag, nor the closing of the bottom or sides, but the superadding, (by softening and making pliable the upper portion thereof,) an improvement in their usefulness and value. Hence, they limit their claim to the softening and making pliable of those upper parts, as the means of producing the improved manufacture. The language of the claim, I must concede, read by itself alone, is not the best which might be employed; and it has laid the foundation for the elaborate argument of the defendants' counsel, wherein he treats the softening, &c., as the thing patented, and a result, instead of the means of producing the thing patented, namely, the improved bag. Taking the whole patent, specification and claim together, the latter is, I think, the just construction of the claim, and relieves it from the operation of the cases cited. In this view, the plaintiffs could not, and do not, claim any exclusive right to any process of softening or making pliable. Any process known to art may be employed for that purpose; and any new mode of performing it would be the subject of a patent. The whole apparent doubt suggested arises from treating this softening as the result which the plaintiffs seek to secure to themselves, whereas it is the means of producing a new and other result, namely, an improved bag. True, the plaintiffs have, in their specification, mentioned various means by which it can be done, and one mode in which they do it, but those means are open to the use of others. All may use them. If they do not employ them to produce the improved paper bag, they infringe no right of the plaintiffs.

The defendants, on the other hand, have sought to secure to themselves a particular mode of crimping or softening, and describe the machinery they employ for the purpose. Whether they have secured, by their patent, the exclusive right to employ such machinery for crimping or softening, it is not necessary, for the purposes of this case, to inquire. If they do not manufacture the plaintiff's improved bag, they do not violate the rights of the latter.

2. Is, then, the bag produced by the defendants an infringement of the exclusive right of the plaintiffs to manufacture and sell the improved bag described in their patent? On that question I have much less doubt than upon the question first considered. They do manufacture and sell a bag crimped, softened and made flexible at the upper end, where the string is to be applied, so that the sides of the bag will come together after the manner of cloth-bags. The substantial end, purpose and usefulness of the plaintiffs' invention was this and only this. It may be quite true that the bag produced by the plaintiffs was susceptible of improvement. It may be, that, leaving the extreme upper end of the bag unsoftened, or, in another form of words, extending the bag upward and beyond the portion made soft and pliable, produces a more useful bag. It may be that this improvement is an invention of the defendants. There is conflict in the evidence upon the last two points, but I deem it quite immaterial. If the defendants have made an improvement, they have not thereby acquired the right to produce a bag embodying the plaintiffs' invention. They cannot apply their improvement without appropriating the very thing which is the substantial end and purpose of that invention. Practically, they say—"Crimping the upper end of the bag, as the plaintiffs do, produces a bag with an important and useful capacity of being tied with ease and preserving the strength and usefulness of the bag; but the string is liable to slip. We, therefore, propose to create an impediment to the slipping of the string, by allowing an extension of the bag beyond the softened portion and above the string, more effectually to retain it." In my judgment, upon the whole proofs, this is in fact no improvement, but a mere artifice to evade the plaintiffs' patent. But, if it be an improvement, it is superadded to the plaintiffs' invention, and the defendants have no right to use that invention without the plaintiffs' consent, although that is essential to enable them to use their improvement at all. It is a familiar rule, that a patent for an improvement does not, per se, give the right to use the thing

improved and the patentee of the thing improved may not use the patented improvement. On the question, whether the defendants can be deemed inventors at all of what they deem an improvement, I express no opinion.

A decree must be entered for the plaintiffs, for an account, and for an injunction as prayed, with costs.

[NOTE. Patent No. 48,036 has not been involved in any other cases reported prior to 1880.]